IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LANCE COTTEN<br>　　　Debtor, | BANKRUPTCY CASE NUMBER<br>22-10670 - ELF |
| NATIONSTAR MORTGAGE LLC D/B/A<br>MR. COOPER<br>　　　Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| LANCE COTTEN<br>　　　Debtor/Respondent, | HEARING DATE AND TIME: June 28, 2022 at 9:30 a.m. |
| ASHLEY COTTEN<br>　　　(Non-filing Co-Debtor), | COURTROOM # 1 |
| KENNETH E. WEST, Trustee<br>　　　Additional Respondent. | |

### MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY UNDER SECTION §362 (d) AND §1301

　　　Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362 and §1301, hereby seeks relief from the automatic stay and co-debtor stay to exercise and enforce its rights, without limitation, with respect to certain real property. In support of this motion, Movant avers as follows:

　　　1.　　Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

　　　2.　　Movant is the holder of a secured claim against Debtor and Ashley Cotten ("Non-filing Co-Debtor"), secured only by a first mortgage lien on real estate which is the principle residence of Debtor located at 330 North Lansdowne Avenue, Lansdowne, PA 19050 (the "Mortgaged Premises").

　　　3.　　Nationstar Mortgage LLC d/b/a Mr. Cooper services the loan on the property referenced in this motion for relief. In the event the automatic stay in this case is modified, this case dismisses and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Nationstar Mortgage LLC d/b/a Mr. Cooper.

　　　4.　　Nationstar Mortgage LLC d/b/a Mr. Cooper, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to

Noteholder or has been duly indorsed in blank. Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

5. The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged Premises. Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

6. Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

7. Debtor has claimed an exemption in the amount of $25,150.00 in the subject property.

8. Debtor has failed to make all post-petition monthly mortgage payments.

9. The defaults include the failure to make the following monthly payments:

| | |
|---|---|
| Payments of $2,703.05 from April 1, 2022 through May 1, 2022 | $5,406.10 |
| The total amount due | $5,406.10 |

10. The Fair Market Value of the Mortgaged Premises is $378,000.00, as per Debtor Schedules. The approximate amount necessary to payoff the loan is $362,672.99 good through May 23, 2022. The breakdown of the payoff is as follows:

| | |
|---|---|
| Principal Balance | $288,283.06 |
| Accrued Interest | $40,289.24 |
| Escrow Advance | $30,009.88 |
| Corporate Advance | $4,123.00 |
| Total Suspense | (32.19) |

11. Movant's interests are being immediately and irreparably harmed. Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

 a) Movant lacks adequate protection for its interests in the Mortgaged Premises;

 b) Debtor has little, if any, equity in the Mortgaged Premises; and

 c) The Mortgaged Premises are not necessary to an effective reorganization or plan.

12. Movant additionally seeks relief from the Co-Debtor stay under §1301 (if applicable) in the instant case, as the continuation of the co-debtor stay causes irreparable

harm to the Movant. Movant may be barred from moving forward with its state court rights under the terms of the mortgage without relief from the co-debtor stay.

13. Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

14. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

Respectfully submitted,

Dated: 06/01/2022

BY: /s/ Lily C. Calkins
Christopher A. DeNardo 78447
Kristen D. Little 79992
Lily C. Calkins 327356
LOGS Legal Group LLP
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610) 278-6800
logsecf@logs.com